IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-01376 |
| | ) | Judge Campbell/Frensley |
| DAVID RAUSCH, in his capacity as | ) | |
| Director of the Tennessee Bureau of | ) | |
| Investigation; and | ) | |
| MAURY COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

### I. INTRODUCTION

Plaintiff John Doe filed this suit under 42 U.S.C. § 1983 alleging that Defendants David Rausch, Director of the Tennessee Bureau of Investigation; and Maury County, Tennessee, violated and continue to violate his Constitutional right against *ex post facto* punishment and right to due process through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements as set forth in the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("SORVTA"), Tenn. Code Ann. § 40-39-201 et seq. (2024). Docket No. 1 (Complaint). Further, Mr. Doe contends that Defendants' continued enforcement of SORVTA constitutes a civil conspiracy. *Id*.

This matter is now before the Court upon Mr. Doe's "Motion to Proceed Under Pseudonym and for Protective Order," in which Mr. Doe requests permission to proceed under a pseudonym and a protective order barring disclosure of his true name or other identifying information. Docket No. 11. Mr. Doe has also filed a Proposed Protective Order and a Supporting Memorandum. Docket Nos. 11-1, 11-2. Mr. Rausch has filed a Response in Opposition. Docket No. 23. Mr. Doe has filed a Reply. Docket No. 28. For the reasons set forth below, Mr. Doe's Motion (Docket No. 11) is DENIED.

## II. LAW AND ANALYSIS

### A. Compliance with Local Rules

As an initial matter, Mr. Rausch asserts that Mr. Doe failed to comply with Local Rule 7.01 by neither meeting and conferring with opposing counsel before filing his Motion nor attaching a certification of such meeting or his efforts to meet and confer. Docket No. 23, p. 5-6.

The Local Rules of this District require that counsel meet and confer in an attempt to resolve disputes before filing most motions:

> In cases in which all parties are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed. In those instances where counsel for the moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts.

LR 7.01(a)(1).

Mr. Doe's Motion does not contain such a statement and thus does not comply with the Local Rules. *See* Docket No. 11. His counsel provides the following explanation of the omission:

Case 3:24-cv-01356   Document 131   Filed 08/26/25   Page 2 of 7 PageID #: 3121

- At the time Mr. Doe's motions were filed, there had not yet been counsel from the Attorney General's office assigned to the case. There are approximately 200 attorneys working at the Attorney General's office.

- It was not until December 9, 2024, that counsel for Defendant David Rausch filed her notice of appearance.

- Prior to this point, Counsel for Mr. Doe had no way of communicating with the Assistant Attorney General assigned to Defendant David Rausch.

- Counsel for Mr. Doe concedes that he failed to address his inability to confer with opposing counsel, who had not yet filed a notice of appearance, in his motions filed on November 27, 2024.

- Counsel for Mr. Doe should have included language expressing that due to there being no appearances entered for the Defendants, Counsel for Mr. Doe could not confer with opposing counsels.

- Counsel for Mr. Doe concedes that an error was made by failing to specify in the initial motions why no conference with opposing counsels occurred. However, this error was not in bad faith and does not prejudice the Defendants. Counsel for Defendant David Rausch had notice of these motions, and upon their request, Counsel for Mr. Doe agreed to an extension for Defendant David Rausch's responses.

Docket No. 28, p. 1-3 (citation modified).

The Court agrees with Mr. Doe's counsel's assessment. Counsel should have included a certification explaining why no pre-filing conference had been possible. The requirement to meet and confer in a good faith attempt to resolve a dispute is not a hollow one. *See HLFIP Holdings v. Rutherford Cty.*, No. 3:19-cv-00714, 2021 U.S. Dist. LEXIS 250873, at *10-11

3

(M.D. Tenn. Feb. 5, 2021). But under the circumstances, the Court finds that it is nevertheless appropriate to assess Mr. Doe's Motion on its merits.

B. <u>**Motion to Proceed Under a Pseudonym**</u>

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a), 17(a)(1). In exceptional cases, the court may grant an order allowing a plaintiff to proceed under a pseudonym. To obtain such an order, a plaintiff must show that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Court considers several factors in making this determination, including: (1) whether the plaintiff seeking anonymity is suing to challenge a governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels the plaintiff to disclose an intention to violate the law; and (4) whether the plaintiff is a child. *Id.*; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). The decision of whether to grant leave to proceed under a pseudonym is within the discretion of the Court. *Porter*, 370 F.3d at 560.

Mr. Doe contends that overall, these factors support his request to proceed under a pseudonym. Docket No. 11-2, p. 4. He asserts that he is challenging governmental activity, namely, Tennessee's sex offender laws. *Id.* Further, he contends that in order to litigate his claim, he will be required to disclose information of the utmost intimacy. *Id.* As to the other factors, he concedes that he does not intend to violate the law and is not a child. *Id.* But, he expresses concern that "his public identification will increase public scrutiny of him, and in turn, increase the risk that he could be prosecuted for an unintentional violation of the vague and complex requirements of SORVTA he has described in his Complaint." *Id.*

4

Mr. Rausch maintains that the only factor that Mr. Doe satisfies is the first: he is seeking to challenge governmental activity. Docket No. 23, p. 3. As to the rest, Mr. Rausch points out that Mr. Doe has conceded factors three and four, and argues that factor two is not met because "the information that Doe suggests is of the utmost intimacy is his true identity," which is does not meet the standard. *Id.* at 4 (citation modified).

The Court finds that in this instance, the *Porter* factors weigh against the use of a pseudonym. Of the four factors, Mr. Doe satisfies only the first: he is suing to challenge governmental activity (Tennessee's sex offender laws). Although Mr. Doe maintains that he also satisfies the second factor, he does not explain what "information of the utmost intimacy" he will be compelled to disclose in the prosecution of this suit. *See* Docket No. 11-2. If he simply means his name, the Court finds that this does not meet the definition of "information of the utmost intimacy." To the extent that he intends to indicate information related to his past offenses, Mr. Doe does not dispute Mr. Rausch's assertion that most of the information related to his offenses, including his identity, is already matter of public record. *Id.* Such information is no longer "intimate," if it ever was, and Mr. Doe does not identify any other intimate information that he expects to come to light as a result of this lawsuit. As noted above, Mr. Doe concedes that he does not meet the third and fourth factors. Therefore, *Porter* instructs the use of Mr. Doe's real name in this case.

**C. <u>Motion for a Protective Order</u>**

A motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c). The court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause for the issuance of a protective order is established with "specific facts showing

'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir 2001) *quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

Mr. Doe maintains that, due to the stigma that attaches to sex offenders, anonymity is necessary to ensure his safety and privacy, and to avoid jeopardizing his ability to maintain employment and housing. Docket No. 11-2, p. 2-3. Mr. Rausch argues that those fears are speculative, as Mr. Doe "does not show any risk of actual retaliation related to his participation in this litigation." Docket No. 23, p. 4-5.

While Mr. Doe offers scholarly support for the proposition that sex offenders generally face "ubiquitous public harassment and condemnation," and sometimes, even assault, he offers no evidence that he personally has suffered any of these or is at risk of future harm. *See* Docket No. 11-2. As to his concerns about employment and housing, the threat to both appears to be his inability to work at his current place of employment because it is allegedly in an exclusion zone (too close to a school). Docket No. 1, p. 15. It seems that his current employer is already aware of his status and yet wishes to maintain him as an employee if possible. *Id.* Thus, the identified risk to his job (and subsequently, to his ability to continue to afford his house) is rooted in SORVTA itself, not in public knowledge of Mr. Doe's true name.

The Court finds that Mr. Doe has failed to provide specific facts showing a clearly defined and serious injury that is likely to result if this Court does not enter a protective order shielding his true name from disclosure. Therefore, Mr. Doe's request for a protective order is denied.

## III. CONCLUSION

For the foregoing reasons, Mr. Doe's Motion (Docket No. 11) is DENIED. Mr. Doe must proceed in this matter under his true name. This Order is stayed and will not go into effect until September 4, 2025, to allow Mr. Doe to seek review of the Order if he so chooses.

**IT IS SO ORDERED.**

_____
Jeffery S. Frensley
United States Magistrate Judge